**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH J. ARGENTINE,

      Plaintiff,

v.                                                                          CASE NO: 8:15-cv-957-T-26MAP

BANK OF AMERICA CORPORATION
and FIA CARD SERVICES, N.A.,

      Defendants.

_____/

**O R D E R**

      Before the Court is Defendants Bank of America Corporation's and Bank of

America, N.A.'s Motion to Dismiss (Dkt. 7), and Plaintiff's Amended Response.  (Dkt.

13).  After careful consideration of the allegations of the complaint (Dkt. 2), the argument

of the parties, and the applicable law, the Court concludes the motion should be granted

in part and denied in part.

**PERTINENT ALLEGATIONS**

      Plaintiff Joseph J. Argentine brings, on behalf of himself and all others similarly

situated, this six-count complaint against Bank of America Corporation (BAC) and FIA

Card Services, N.A. (FIA), now Bank of America, N.A. (BANA), for damages and

injunctive relief stemming from the terms of a BankAmericard Travel Rewards credit

card.  After purchasing airline tickets while traveling abroad, Plaintiff was charged a

foreign transaction fee on his BankAmericard Cash Rewards credit card.  This charge led to Plaintiff switching over to the BankAmericard Travel Rewards credit card to avoid the foreign transaction fee in the future.  During the telephone call in which Plaintiff changed the type of card he was using, Defendants' representatives told him that he would accrue credits on the Travel Rewards card at one and one-half times the rate of credit accrual on his former Cash Rewards card.[1]  The enclosures with his new Travel Rewards card stated that he could start receiving 1.5 points for every dollar: "That's 50% more points than traditional rewards programs which offer 1 point per dollar."[2]  Plaintiff redeemed 16,000 points, expecting to receive a $160.00 credit, but he only received $96.00 in credit.[3]  When he contacted BANA, he was advised that the points had a value of six-tenths of one cent (6/10ths of 1 cent), and was told that BAC discloses the redemptive value when the points are redeemed.[4]  Plaintiff alleges that there were no advertisements or explanations that indicated point redemption would be anything less than one cent per point.[5]

Count I seeks damages for false advertising pursuant to section 817.41, Florida Statutes.  In particular, Plaintiff alleges that the materials are misleading because they

---

[1]  See docket 2, para. 27.

[2]  See docket 2, para. 31.

[3]  See docket 2, paras. 32 & 33.

[4]  See docket 2, para. 34.

[5]  See docket 2, para. 35.

indicate that the points under the program will be valued at one cent per point.  Count II

seeks damages for fraud in the inducement, alleging that the Travel Rewards credit card

program is a contract or quasi-contract, which Defendants characterize as a claim for

misleading advertizing.  Plaintiff claims that he relied upon the advertising materials

disseminated by Defendants by entering into the Program, and that Defendants knew that

their advertising materials were deceptive and untrue.  Count III alleges that Defendants

engaged in "bait and switch" in violation of section 817.44, Florida Statutes.  Plaintiff

alleges that Defendants marketed the Program with points valued at one cent, but only

intending to pay 6/10ths of one cent per point.  Counts IV and V seek damages for breach

of the credit card contract and breach of the duty of good faith and fair dealing,

respectively, by redeeming only 6/10ths of one cent per point instead of one cent per

point.  Finally, Count VI seeks injunctive relief to prevent Defendants from future use of

the advertising materials.

## STANDARD OF REVIEW

A complaint sought to be dismissed pursuant to Federal Rule of Civil Procedure

12(b)(6) will survive the motion if it contains sufficient facts, which must be accepted as

true,[6] to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.

662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v.

---

[6] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  To survive a

motion to dismiss under Twombly, a complaint's factual allegations, if assumed to be

true, "must be enough to raise the right to relief above the speculative level."  Twombly,

550 U.S. at 555, 127 S.Ct. at 1965.  Rule 8 does not require detailed factual allegations,

but the complaint must offer more than mere "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action."  Iqbal, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555).

Generally, on a motion to dismiss, a district court may not consider documents that

are not attached to the complaint.  See Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039,

1053 n.12 (11th Cir. 2015).  The court may consider, however, documents attached to the

motion to dismiss if the documents are central to the claim in the complaint and their

authenticity is not disputed.  See Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir.

1999) (noting that "a document central to the complaint that the defense appends to its

motion to dismiss is also properly considered, provided that its contents are not in

dispute").

**Counts I and II**

Defendants argue that Plaintiff cannot rely on an illustration in a website as a

guarantee to establish a misrepresentation and cite Zarella v. Pacific Life Ins. Co., 755

F.Supp.2d 1218, 1225 (S.D. Fla. 2010).  Specifically, Defendants argue that the

illustration attached to the complaint as Exhibit B and referred to in paragraph 18 of the

complaint, which is titled "Calculate your Travel Credit," does not mean that redemption of one point will always be worth one cent per point. The illustration uses 2500 points as an example to show how much travel credit will be given. A statement credit of $25.00 is shown corresponding to the 2500 points. Underneath the $25.00 amount is the phrase, "For illustrative purposes only." Another phrase appears at the bottom of the page: "For complete program details, view the Program Rules." According to the Defendants, it is not a reasonable interpretation that the illustration guarantees a uniform redemption of one cent per point regardless of the type of reward chosen.[7] As to the four types of rewards, Defendants point out that if Plaintiff had chosen a cash reward in the form of an IRA contribution, the illustration of a cash reward redemption shows a redemption of value of six-tenths of a cent, not one cent.[8] Moreover, Defendants contend that the Program Rules explicitly states that the redemption values are not guaranteed.[9]

In addition to taking issue with the use of the illustration in the complaint, Defendants disagree that Plaintiff's side-by-side comparison of the Travel Rewards

---

[7]   As Defendants point out, there are four choices for redemption, including travel credit, merchandise and gift certificates, cash back, and a donation to a charity. See docket 2-1, pp. 2-4.

[8]   Under the heading of "Cash Rewards" and the subheading of "Redemption for Contributions into an Eligible IRA" of the Program Rules, it states that "[e]ach increment of 2,500 Points will be converted into an equivalent value of $15 US Dollars." After calculating the percentage, this represents six-tenths of one cent.

[9]   See docket 2-1, p. 2. ("The redemptive value for Points redeemed for [Travel Credit and/or Cash Rewards] may vary and is subject to change.")

Program and the Cash-back Rewards Program[10] establishes a guarantee that points are worth one cent each. According to Defendants, the use of two different terminologies such as points and cash back, necessarily does not guarantee that one point is worth one cent. Cf. Kel Homes, LLC v. Burris, 933 So.2d 699, 703 (Fla.Dist.Ct.App. 2006) (stating in the context of one contract that "use of different language in different contractual provisions strongly implies that a different meaning was intended.").

Finally, with respect to the oral misrepresentation alleged to have been made by BANA's representative, Defendants contend that the alleged misrepresentations' lack of specificity of the content, time, and status of the speaker violate Federal Rule of Civil Procedure 9(b). Defendants conclude that even if the allegations of the misrepresentations were sufficient, the express language of the Program Rules contradicts the misrepresentations. See Giallo v. New Piper Aircraft, Inc., 855 So.2d 1273, 1275 (Fla.Dist.Ct.App. 2003). The Program Rules state that the redemption values may vary. Because the Program Rules constitute an express disclaimer of the alleged misrepresentations, Defendants argue that Plaintiff could not reasonably rely on any misrepresentations.

To prove a violation of Florida's false advertising statute, section 817.41, Florida Statutes, the plaintiff must show he relied on the alleged misleading advertising in addition to each of the other elements of common law fraud in the inducement. See

---

[10] See docket 2, para. 20; docket 2-3.

Smith v. Mellon Bank, 957 F.2d 856, 858 (11th Cir. 1992); Joseph v. Liberty Nat'l Bank, 873 So.2d 384, 388 (Fla.Dist.Ct.App. 2004).  Fraud in the inducement requires that "1) a false statement was made regarding a material fact; 2) the individual who made the statement knew or should have known that it was false; 3) the maker intended that the other party rely on the statement; and 4) the other party relied on the false statement to its detriment."  Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So.2d 536, 542 (Fla.Dist.Ct.App. 2003).  The reliance must be justified on the part of the recipient; the statement must not be obviously false to the recipient.   Taylor, 850 So.2d at 542-43.

The question of whether the recipient reasonably relied on the materials provided, including the illustrations and other examples provided regarding the monetary value of redemption points, is best left to be determined after further development of the case.  Cf. Smith (affirming a directed verdict in a claim for a violation of Florida's misleading advertising statute on the issue of whether the plaintiff reasonably relied on a statement made on a credit card jacket in view of the lack of evidence to create a jury question).[11]

---

[11]   See also Joseph (reversing summary judgment in a claim under Florida's misleading advertisement statute, holding that sufficient evidence existed on issue of whether representor knew or should have known of falsity of statement in sale of real property with respect to zoning classification, despite that contract contained total integration clause and "as is" clauses).

Zarella, cited by Defendants, is distinguishable.  There, the alleged misrepresentation of an insurance policy illustration was not like the illustration in this case.  In Zarella, the notation beneath the illustration made it clear that the illustration was not intended to be tax or legal advice, and the court found that any reliance on this disclaimer was improper.

Furthermore, to the extent Defendants rely on the Credit Card Agreement attached to the motion to dismiss in arguing that the misleading advertisement and fraudulent inducement claims be dismissed, the Court finds it is not central to these particular claims grounded in fraud.  As to the oral representations allegedly made by representatives of BANA, the Court finds the allegations sufficiently particular.  Accordingly, the motion to dismiss is denied as to Counts I and II.

## Count III

Defendants assert that Plaintiff has failed to state a claim for relief under Florida's "bait and switch" or intentional false advertising statute, section 817.44, Florida Statutes. Defendants' argument is the same as set forth for the first two counts of the complaint. Having determined that the first two counts are sufficient based on the same arguments, the Court finds Count III sufficient as well.

## Counts IV and V

In Count IV Plaintiff alleges a breach of the Travel Rewards Program, which is referenced in the Program Rules attached to the complaint as Exhibit A.   The Program Rules state that they are "separate from the terms of your Credit Card Agreement" and note that they may be changed from time to time.  To the motion to dismiss, Defendants attach the Credit Card Agreement for the Travel Rewards card.  Defendants assert that the Credit Card Agreement at page 12 provides that the Travel Rewards Program is separate from the Credit Card Agreement and that the Program Rules govern Plaintiff's

participation in the Travel Rewards Program.[12]  In any event, this Court will consider the document on the claims of breach of contract and the duty of good faith and fair dealing because, although not the contract referenced in the counts, the written card agreement is central to the claim of breach of "the Program."  See Urquilla-Diaz; Harris.  Plaintiff could not benefit from the Program unless he agreed to the terms governing the use of the card through the Credit Card Agreement.  Even taking into consideration the written Credit Card Agreement, the Court finds that the claims pass muster to avoid dismissal at this stage.

Defendants argue that all of the express contractual agreements make it clear that there is no guarantee of redeeming points at one cent per one point.  The Program Rules state that the redemptive values may vary and change.[13]  Plaintiff counters that, to the contrary, when the Program Rules are read together with the website pages, the Program's examples show a one cent per one point redemptive value with the sole exception of the IRA redemptive value of the six-tenths of a cent per point.  Plaintiff points out that the Program Rules, just beneath the statement that the redemptive value is subject to change and may vary, refer the customer to the website which contains the illustrations and examples of one cent per point.  The illustrations on the website, in turn, refer the

---

[12]   No such language to this effect is found in the Credit Card Agreement, other than a reference to benefits and services with the account not being a part of the Credit Card Agreement.  The customer is then referred to a Benefits Guide.

[13]   See docket 2-1, p. 2 ("The redemption value for Points redeemed for [Travel Credits or Cash Rewards] may vary and is subject to change.").

customer to the Program Rules.  As Plaintiff correctly notes, there is no statement with respect to the value of points under the headings of "Travel Statement Credit Rewards," "Merchandise and Gift Certificate Rewards," "Charitable Contributions," or five out of the six types of "Cash Rewards."

Having reviewed the written attachments to the complaint and the motion to dismiss, the Court finds the allegations are sufficient to state a claim for relief for breach of contract.  The motion is granted as to the claim of breach of the implied duty of good faith and fair dealing, however, because under Florida law, such a claim will not stand independent of the breach of contract claim unless a specific contract term is identified as breached and facts are alleged different from those giving rise to the breach of contract. See Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1151 (11th Cir. 2005); Burger King Corp. v. Weaver, 169 F.3d 1310, 1317 (11th Cir. 1999); Stallworth v. Hartford Ins. Co., 2006 WL 2711597, at *6 (N.D. Fla. Sept. 19, 2006).  This Court cannot ascertain the express term in Count V that Plaintiff claims was breached.

## Count VI

Count VI for injunctive relief must be dismissed because Plaintiff has not alleged irreparable harm where money damages are adequate.  See Stand Up for Animals, Inc. v. Monroe Cty., 69 So.3d 1011, 1013 (Fla.Dist.Ct.App. 2011).  Any attempt at amendment would be futile.  See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007); Weaver, 169 F.3d at 1319-20.

-10-

**Allegations as to BAC**

Defendants argue that BAC must be dismissed from this lawsuit because Plaintiff has failed to allege any liability on the part of BAC. Defendants contend that ownership of trademarks is insufficient to form the basis of liability against BAC. Specifically, Plaintiff refers to Defendants in the aggregate throughout the complaint. The Court agrees that Plaintiff must replead to specify the basis for liability as to each Defendant.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Defendants Bank of America Corporation's and Bank of America, N.A.'s Motion to Dismiss (Dkt. 7) is **GRANTED in part and DENIED in part.**

(2)   The motion is **granted** as to Count V. Count V is dismissed without prejudice to Plaintiff's filing an amended claim for breach of the implied covenant of good faith and fair dealing.

(3)   The motion is **granted** as to Count VI. Count VI is dismissed with prejudice.

(4)   The motion is granted as to the allegations directed to the Defendant BAC. Plaintiff shall replead the complaint to specify the basis of liability for each Defendant in each count.

(4)   Plaintiff shall file an amended complaint in accordance with this order **on or before June 15, 2015.** Defendants shall file their responses within fourteen days.

-11-

**DONE AND ORDERED** at Tampa, Florida, on June 8, 2015.


_____s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record