UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH J. ARGENTINE,

    Plaintiff,

v.                                  CASE NO: 8:15-cv-957-T-26JSS

BANK OF AMERICA CORPORATION and
FIA CARD SERVICES, N.A.,

    Defendants.
_____/

**O R D E R**

Before the Court is Defendants' Motion to Strike Class Allegations from the Amended Complaint (Dkt. 24) and Plaintiff's Response (Dkt. 30). After careful consideration of the allegations of the Amended Complaint (Dkt. 17), the argument of counsel, and the applicable law, the Court concludes the motion should be denied.

**STANDARD OF REVIEW**

A motion to strike under Federal Rule of Civil Procedure 12(f) is used to rid a complaint of "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." United States v. MLU Servs., Inc., 544 F.Supp.2d 1326, 1330 (M.D. Fla. 2008) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla. 1995)). Motions to strike

are "generally disfavored by the Court and are often considered time wasters." MLU Servs., Inc., 544 F.Supp.2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)). In the context of motions directed to allegations of class certification as insufficient under Federal Rule of Civil Procedure 23, the court must be particularly hesitant to decide matters against a class in view of the absence of a developed factual record. Jones v. Diamond, 519 F.2d 1090, 1099 (5th Cir. 1975) (holding that "trial court abused its discretion in deciding against the class solely on the basis of the initial pleadings" and stating that the court "should be loathe to deny the justiciability of class actions without the benefit of the fullest possible factual background."[1]

### DISCUSSION

Defendants assert that Plaintiff's definition of his class is overbroad and the requirements of commonality and typicality cannot be satisfied under the facts as alleged in the Amended Complaint. The Court, however, agrees with Plaintiff that the motion to strike the allegations of class certification is premature.[2] See, e.g., Desmond v. Citimortgage, Inc., 2015 WL 845571 (S.D. Fla. 2015) (finding that on the face of the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions prior to October 1, 1981.

[2] As aptly noted by Plaintiff, the Defendants sought removal based on the Class Action Fairness Act, 28 U.S. C. § 1332(d) (CAFA). See docket 1. The declaration filed in support of the Notice of Removal was based on the allegations of the complaint. See docket 3.

complaint, class allegations are sufficient, and determination of class certification should be done after filing of formal motion for class certification); Bohlke v. Shearer's Foods, LLC, 2015 WL 249418 (S.D. Fla. 2015) (finding that striking class action allegations premature before motion to certify class filed); James D. Hinson Elec. Contracting Co., 2014 WL 1118015 (M.D. Fla. 2014) (finding motion to strike class allegations as premature because class discovery was necessary).  Plaintiff should, of course, be prepared to address these issues in any future motion for class certification.  To the extent Defendants seek to strike other references in the Amended Complaint as failing to comply with this Court's prior order, their request is also denied.

It is therefore **ORDERED and ADJUDGED** that Defendants' Motion to Strike Class Allegations from the Amended Complaint (Dkt. 24) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on July 29, 2015.


    s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record